IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **HEATHER S. HOMELVIG,** | ) | **CASE NO. 4:05CV3222** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the unopposed motion to remand filed by the Commissioner (Filing No. 14). The motion is not supported by a brief.

The Commissioner requests an order and final judgment remanding this case to the Commissioner pursuant to sentence four of Section 205(g), 42 U.S.C. § 405(g).[1] Counsel for the Commissioner has represented that the Appeals Council agrees that a remand is appropriate for further consideration of the Plaintiff's claim. Remand under sentence four of section 405(g) is requested for the purposes of: further evaluation of the Plaintiff's physical and mental impairments, particularly multiple sclerosis, and resulting functional limitations; further evaluation of subjective complaints and credibility, in particular the Plaintiff's alleged medication side-effects; further evaluation of the Plaintiff's earnings and determination of her alleged onset of disability date and whether work activity was performed at the level of substantial gainful activity; updating the treating medical source evidence and assessments and a re-evaluation of the treating medical source opinions;

---

[1] Sentence four provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

obtaining, if necessary, consultative physical and mental examinations; and a new hearing with medical expert evidence regarding the severity of the Plaintiff's multiple sclerosis and vocational expert evidence to support any finding of non-disability.

The Court finds that remand would ensure that the Plaintiff's claim is properly considered at the administrative level and possibly make judicial review unnecessary. In the interest of justice and judicial resources, the motion will be granted. On remand, the ALJ is directed to address the issues set out above.

Finally, the entry of final judgment in this matter triggers the appeal period that determines the 30-day period during which a timely application for attorney fees may be made under the Equal Access to Justice Act.

IT IS ORDERED:

1. The Defendant's motion to remand (Filing No. 14) is granted;

2. The decision of the ALJ is reversed;

3. This action is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum and Order; and

4. Judgment will be entered in a separate document.

DATED this 26th day of June, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge